IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY RICHARDSON,

      Plaintiff,　　　　　　　　No. CIV S-05–2316 FCD CMK P

  vs.

S. ORTIZ, et al.,

      Defendants.　　　　　FINDINGS AND RECOMMENDATIONS

                              /

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

I.    Background

      Plaintiff brings this action against the following defendants: S. Ortiz, T. Carey, S. Cervantes, R. Richardson, A. Traquina, Dr. Rohrer, M. Hill Culpepper, Dr. Noriega, and T. Rallos.

      The gist of plaintiff's complaint against defendants T. Carey, R. Richardson, A. Traquina, Dr. Rohrer, M. Hill Culpepper, Dr. Noriega, and T. Rallos is that he has been denied adequate medical care. Plaintiff claims that he requested medical care for disfiguration and bleeding around his fingernails; plaintiff requested a specialist; he has been informed that only a

1

primary physician can refer him to a specialist. Plaintiff's fingernail condition has still not been reviewed by a specialist and the condition still persists.

Plaintiff began experiencing "pain and suffering" on the left side of his head, which was unrelated to his fingernail issues. Plaintiff requested medical care; plaintiff was mis-diagnosed several times; plaintiff ultimately suffered a seizure; the seizure was not documented in his medical file, complicating his diagnosis. Plaintiff asserts that defendants denied him adequate medical care and were deliberately indifferent to his medical needs, which has resulted in him living every day with head pain and pressure and living in fear of not "awakening the following day."

Plaintiff's claim against defendants S. Ortiz and S. Cervantes is that these defendants did not properly process his prison grievances.

II.    Screening of the Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Liberally construing plaintiff's complaint, the court finds that he has stated a cognizable civil rights claim for violations of the Eighth and Fourteenth Amendments against defendants T. Carey, R. Robinson, A. Traquina, Dr. Rohrer, M. Hill Culpepper, Dr. Noriega, and T. Rallos. If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

The court finds that plaintiff's claim that defendants S. Ortiz and S. Cervantes failed to properly process plaintiff's prison appeals fails to state a cognizable civil rights claim. The Ninth Circuit has stated that inmates have no legitimate claim of entitlement to a prison grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The court finds that plaintiff cannot cure this claim by amendment. Accordingly, the court recommends that plaintiff's claims against S. Ortiz and S. Cervantes be dismissed.

III.     Conclusion

Based on the above, IT IS RECOMMENDED that plaintiff's claims against defendants S. Ortiz and S. Cervantes be dismissed for failure to state a claim. The court will make further orders regarding service of the remaining defendants upon the district judge's order on these findings and recommendations.

///

1    These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, plaintiff may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
7  F.2d 1153 (9th Cir. 1991).

9  DATED:  July 14, 2006.

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE