1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY RICHARDSON,

11            Plaintiff,                     No. CIV S-05-2316 FCD CMK

12        vs.

13   S. ORTIZ, et al.,

14            Defendants.                    ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff filed his complaint on November 16, 2006, and paid the filing fee.

18            Plaintiff's complaint states a cognizable claim for relief pursuant to 42 U.S.C.

19   § 1983 and 28 U.S.C. § 1915A(b) against defendants T. Carey, R. Richardson, A. Traquina, Dr.

20   Rohrer, M. Hill Culpepper, Dr. Noriega, and T. Rallos.[1]  If the allegations of the complaint are

21   proven, plaintiff has a reasonable opportunity to prevail on the merits of the action.  The Clerk of

22   the Court will be directed to issue the appropriate number of summonses to plaintiff for purposes

23   of service of process.  See Federal Rule of Civil Procedure 4.

24   ///

25   _____

26   [1]On September 26, 2006, the claims against defendants S. Ortiz and S. Cervantes were
     dismissed for failure to state a claim.

Plaintiff shall complete service of process in accordance with Federal Rule 4 of Civil Procedure within sixty days from the date of this order.[2]  Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of the complaint.  Within 120 days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

1.  Whether this matter is ready for trial and, if not, why not;

2.  Whether additional discovery is deemed necessary.  If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

3.  Whether a pretrial motion is contemplated.  If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 78-230(m);

4.  A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

5.  A list of all exhibits to be offered into evidence at the trial of the case;

6.  A list of the names and addresses of all witnesses the party intends to call;

7.  A summary of the anticipated testimony of any witnesses who are presently incarcerated;

8.  The time estimated for trial;

9.  Whether either party still requests trial by jury; and

10.  Any other matter, not covered above, which the party desires to call to the attention of the court.

///

---

[2]  Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

1           In addition, plaintiff shall inform the court in his status report of the date and

2    manner of service of process.

3           The parties are informed that they may, if all consent, have this case tried by a

4    United States Magistrate Judge while preserving their right to appeal to the Circuit Court of

5    Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party

6    choosing to consent may complete the form and return it to the clerk of this court.  Neither the

7    magistrate judge nor the district judge handling the case will be notified of the filing of a consent

8    form unless all parties to the action have consented.

9           In accordance with the above, IT IS HEREBY ORDERED that:

10          1.  The Clerk of the Court is directed to issue and send plaintiff seven summonses,

11   for defendants T. Carey, R. Richardson, A. Traquina, Dr. Rohrer, M. Hill Culpepper, Dr.

12   Noriega, and T. Rallos..  The Clerk shall also send plaintiff eight copies of the form "Consent to

13   Proceed Before United States Magistrate Judge" with this order.

14          2.  Plaintiff shall complete service of process on the defendants within sixty days

15   from the date of this order.  Plaintiff shall serve a copy of this order and a copy of the form

16   "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the

17   summons and complaint are served.

18          3.  Defendants shall reply to the complaint within the time provided by the

19   applicable provisions of Fed. R. Civ. P. 12(a).

20          4.  Plaintiff's status report shall be filed within ninety days from the date of this

21   order.  Defendants' status report shall be filed within thirty days thereafter.  The parties are

22   advised that failure to file a status report in accordance with this order may result in the

23   imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.

24          5.  Unless otherwise ordered, all motions to dismiss, motions for summary

25   judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59

26   and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall

be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

6.  If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #5 above regardless of plaintiff's custodial status.  See Local Rule 1-102(d).

7.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted claims without prejudice.  The defendant may submit affidavits or declarations under penalty of perjury and admissible documentation to support the motion to dismiss.  To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

///

4

1    defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

2    unexhausted claims will be dismissed without prejudice.

3              8.   Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

4    cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),

5    plaintiff is advised of the following requirements for opposing a motion for summary judgment

6    made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

7    is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

8    for summary judgment will set forth the facts that the defendants contend are not reasonably

9    subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

10   judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

11   the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

12   complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

13   plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

14   Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

15   plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must

16   have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but

17   plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon

18   all or any part of the transcript of one or more depositions, answers to interrogatories, or

19   admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence

20   with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as

21   the truth and the defendants' motion for summary judgment granted.  If there is some good

22   reason why such facts are not available to plaintiff when required to oppose a motion for

23   summary judgment, the court will consider a request to postpone considering the defendants'

24   motion.  If plaintiff does not serve and file a written opposition to the motion or a request to

25   postpone consideration of the motion, the court may consider the failure to act as a waiver of

26   opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether

opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

9.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

10.  Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(d), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

11.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

12.  The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

DATED:   September 27, 2006.


**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE